PETER J. BARRA et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40163.) — Judgment unanimously reversed on the law and facts and a new trial granted, unless the claimants shall, within 10 days, stipulate to reduce the award to the sum of $13,300 less $6,419.74 advanced, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is affirmed, without costs of this appeal to either party. Memorandum: The claimants were owners of 21.110 acres of vacant land in the Town of Gates, Monroe County. This claim is for the taking of 4.484 acres. It is undisputed that the land involved was in a residential zone and that its highest and best use at the time was as a potential real estate subdivision. The land had not been subdivided, no map had been filed, no lots offered for sale and the only improvement consisted of a water main and sanitary sewer lines which had been placed within the land by the township. Both the claimants and the State appraised the land as though it had been subdivided at the time of the taking, i.e., the potential sale value as developed lots less the cost of development. This is the method which was adopted by the court. We said in *Hewitt* v. *State of New York* (18 A D 2d 1128) that this method of valuation was highly speculative and improper and that the correct rule to be applied under the existing conditions was to treat the land as a potential subdivision site giving the acreage an increment value because of that potential use. The record does however also contain evidence of comparable sales and testimony by only the State's expert, estimating the parcel taken before appropriation to be worth $1,500 per acre, fixing a value of $6,726 for the taking and $6,574 for consequential damages, making the total damages $13,300, which the State is willing to pay. In these circumstances the judgment should be reversed and a new trial granted unless claimants stipulate to accept an award to $13,300 less $6,419.74 advanced, within 10 days. (Appeal from

judgment of the Court of Claims for claimants on a claim for permanent appropriation of realty.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.