■ MARY J. TARRICONE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40193.) — Judgment unanimously reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: This appeal deals with the valuation of vacant land, in a state of development indicating that at some future time it would be subdivided. It abuts upon a subdivision which claimant-respondent's deceased husband had developed. Although a map of the proposed tract had been prepared, it

had never been filed with anyone and claimant testified "I had ideas to go ahead with it, with the town, but not all at one piece like that; in sections." The method employed by the trial court in arriving at the award was to value the entire parcel as subdivided lots minus the cost of development of the tract, relying apparently for such costs on a report not in evidence. The Attorney-General joined in pursuing this incorrect measure of damages by submitting his own list of development cost figures. This is directly contra to the holding of this court in *Barra* v. *State of New York* (22 A D 2d 750) and *Hewitt* v. *State of New York* (18 A D 2d 1128). The test which should have been used was clearly set forth in *Hewitt* where we wrote: "The correct rule to be applied under the existing conditions was to treat the premises not as raw acreage nor as part of a completed development, but as a potential subdivision site giving the acreage an increment in value because of that potential use." To attempt to conjecture as to what lots would be worth when, as and if the tract was developed and when buyers could be found for them would require a high degree of clairvoyance and an exercise of speculation too indefinite and uncertain upon which to base any award. The State attempted to resort to proof as to comparable sales of acreage, but the claimant offered no such proof. It is clear that the award cannot stand, and from the confused state of the record we are unable to find sufficient yardsticks to permit us to modify the award. Under these circumstances a new trial must be had. (Appeal from judgment of Court of Claims for claimant on a claim for damages for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.