■ In the Matter of the Arbitration between AMERICAN SILK MILLS CORPORATION (DELAWARE), Appellant, and MEINHARD-COMMERCIAL CORPORATION et al., Respondents.— Judgment, Supreme Court, New York County, entered on October 13, 1971, modified, on the law, by limiting the arbitration ordered to the contract price of the greige goods purchased, and as so modified, affirmed. Appellant shall recover of respondents $30 costs and disbursements of this appeal. Petitioner is the purchaser and respondent the seller under a contract whereby respondent sold its assets to petitioner. Among these assets was an inventory of merchandise. The contract contained a broad arbitration clause. As far as the inventory was concerned, the contract provided for a valuation by respondent's accountants, an examination of that assessment by petitioner's accountants and, in case of objection by the latter, submission of the question of value to a named firm of accountants, or such other firm as would be mutually satisfactory, whose decision would be final. A controversy arose over the inventory. Respondent seller demanded arbitration, claiming that the proceeding by which the issue of value was to be determined by an outside firm of accountants was not followed by the petitioner buyer and hence the question was to be decided by arbitrators. Petitioner resisted. This court held (35 A D 2d 197) against respondent's contention and directed that the value of the inventory be fixed by appraisers as provided in the contract. The parties thereupon agreed on an accounting firm, which firm made an audit and fixed the value. The contract provided that the sum so found be paid within 10 days, and it was so paid. Respondent seller again demands arbitration. As to one item petitioner admits that there is a dispute cognizable under the contract and concedes the right to arbitration. The other item is a demand for interest. While the words of the demand are more general, the interest which is sought is on the value fixed for the inventory "from the respective due dates thereof." Respondent is not very clear as to what that due date should be. However, the contract is specific as to the time of payment, namely, 10 days after the fixation of value, and there is no claim that this clause was not complied with. Respondent's contention as specified on the argument was that petitioner unreasonably delayed the fixation of value. However, in the prior appeal the contrary was decided. It was the respondent who by insisting on appraisal by arbitrators rather than by the method provided in the contract caused the lapse of time which would be the period for which interest is sought. By fixing a method for ascertaining the sum due and a time for payment of that sum, it is beyond cavil that the parties did not agree to leave to arbitration any question as to whether interest was

allowable. No matter how broad an arbitration clause may be, it cannot be made to include matter which by the plain intendment of the contract there is no agreement to arbitrate (*Steelworkers* v. *American Mfg. Co.,* 363 U. S. 564, 570). The asserted claim being patently invalid, it is frivolous and does not constitute a bona fide dispute under the arbitration clause (see *Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 334). Concur — Murphy, McNally, Steuer and Tilzer, JJ.; McGivern, J. P., dissents in the following memorandum: I believe Special Term was correct in finding no impediment in the claimants' demand for arbitration of interest on the price of the inventory already long received and accepted by the respondent. The basic contract between the parties contained the characteristically sweeping language of " any dispute between the parties ". Similar language was but recently held by this court (per EAGER, J.) to countenance an award of " consequential damages " in the general recovery of the prevailing party, even though the agreement between the parties embraced only limited issues, and did not authorize " consequential damages ". Nevertheless, this court said: " In any event, inasmuch as the arbitration was to be held in accordance with the rules of the American Arbitration Association, the right of the arbitrator to grant any relief deemed by him to be just and equitable included the power to award consequential damages. (*Matter of De Laurentiis* [*Cinematografica de las Americas, S.A.*], 9 N Y 2d 503; *Matter of Juilliard & Co.* [*Baitch & Castaldi*], 2 Misc 2d 753, 754.) " (See *United Buying Serv. Int. Corp.* v. *United Buying Serv. of Northeastern N. Y.,* 38 A D 2d 75, 79). Further, the question of interest was not before this court in the previous submission of *Matter of American Silk Mills Corp.* (*Meinhard-Commercial Corp.*) (35 A D 2d 197), wherein this court merely relegated the parties to appraisers, in accordance with their agreement. Nor was it ever raised before the appraisers. The majority opinion, in my view, misapprehends both the background facts and the disposition reached by the prior appeal. The majority state: " Respondent's contention as specified on the argument was that petitioner unreasonably delayed the fixation of value. However, in the prior appeal the contrary was decided." As I see it, the prior appeal came to no such conclusion. After saying that the seller's contention as to delay was " lacking in merit ", the opinion said categorically (p. 201) : " There is no evidence in the record to support the claim of waiver." And the facts are that only after New American refused to join in the reference to Arthur Andersen & Co., did the respondent serve a demand for arbitration, dated April 15, 1970. Culpability as to delay was not decided in the prior appeal. Lastly, there is nothing novel about the arbitrability of interest. (Cf. *Matter of Burke,* 191 N. Y. 437, 440; and, see, also, *Matter of Penco Fabrics* [*Louis Bogopulsky, Inc.*], 1 A D 2d 659) : " The question whether interest was to be allowed on the award from the date when payment of the invoices was found to be due was for the arbitrators to determine. * * * The right to interest involves questions of fact and law that are within the purview of the arbitrators."