■ INVESTORS COLLATERAL CORP., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64983.)—In an eminent domain proceeding, the State of New York appeals from a judgment of the Court of Claims (McCabe, J.), dated November 29, 1983, which awarded claimant $47,008 plus interest thereon, for a total award of $57,193.07.

Judgment affirmed, with costs.

We find no reason to disturb the judgment under review. Claimant was a real estate developer and subdivider and the subject tract had been the subject of ongoing and sequential subdivisions in a high growth area. At least one year before the de facto taking—a taking of a permanent easement to facilitate increased drainage from a reconstructed highway—claimant had prepared and obtained from the Town of East Fishkill Planning Board preliminary approval of the subject subdivision. The subdivision was virtually at the end of and a climax to a long ongoing sequence of subdivisions of the property acquired by claimant in 1969. Thus, the subdivision was not merely a plan prepared but never filed (see, *Tarricone v State of New York*, 23 AD2d 804) or a subdivision plan filed but not acted upon (see, *Matter of County of Suffolk [Firester]*, 37 NY2d 649), and in the context of this case was not conjectural or speculative (see, *Tarricone v State of New York, supra; Barra v State of New York*, 22 AD2d 750). Under these circumstances and in view of the testimony of appraiser Albert and engineer Chazen, the use of per-lot before-and-after valuations of the residential portion of the property cannot be deemed a ground for disturbing the award of the trial court

*(see, Matter of of Simmons,* 141 App Div 120, *affd* 202 NY 606; *United States v 147.47 Acres of Land,* 352 F Supp 1055; *United States v 100 Acres of Land,* 468 F2d 1261, *cert denied* 414 US 822).

We find no merit to appellant's other contentions. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.