■ IIT REALTY CORP., Appellant, v STATE OF NEW YORK, Respondent.—In a condemnation proceeding, the claimant appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Lengyel, J.), dated September 17, 1984, as awarded it only the principal sum of $31,319 for land appropriated by the State.

Judgment affirmed insofar as appealed from, without costs or disbursements.

In 1978, the claimant acquired title in fee to approximately 21 acres of undeveloped land by virtue of a transfer from its predecessor in title, which had purchased the property for $1,000 at a bankruptcy liquidation sale in 1976. This property had a very odd configuration, in that it forms almost a semicircular border around a very large property known as the Dutchess Mall shopping center. Prior to 1976, claimant's property was part of the larger tract of land containing the shopping center. The Court of Claims found that this oddly shaped border property was sold as the result of some sort of financial accommodation, the specifics of which were not made clear at trial.

On April 1, 1980, and October 20, 1980, the State, pursuant to Highway Law § 30, appropriated in fee a small portion of claimant's land and a permanent easement for road drainage over another small portion. The total appropriation amounted to less than one acre of land. The claimant brought this claim for compensation for the appropriated property. The main issue at trial concerned the highest and best use of the property prior to the appropriation. Because of its odd shape and the fact that the property was located in a PSC-Planned Shopping Center zone, requiring, inter alia, a minimum of 75 acres for development, the State's appraiser opined that the highest and best use of the land was either as a buffer to the shopping center, or for future expansion of the shopping center itself. The claimant's appraiser, on the other hand, viewed the property as if it were unrestricted by any zoning ordinance, and opined that the highest and best use of the property would be commercial development separate and apart from the shopping center, such as the establishment of a fast food franchise. To determine value, the claimant's appraiser compared this property to other properties in neighboring townships which were recently sold for commercial development. Those comparative sales, however, either comported with the existing zoning requirements or had variance approvals, and were thus distinguishable from the property in the instant case. The claimant did not submit any appraisal

values for the subject property which utilized the existing zoning ordinance as a limitation on the uses of the property. Neither did the claimant submit any evidence to the effect that there was a reasonable probability of rezoning of the property, nor that there could be a successful variance application.

Under the circumstances of this case, we find that the Court of Claims properly found that the highest and best use of the property was as a buffer to the shopping center or for future expansion of the shopping center. The burden of proof was on the claimant to prove the highest and best use of the property (see, Matter of City of New York [Jomar Real Estate Corp.], 61 NY2d 843). The claimant failed to demonstrate a reasonable probability that the zoning would be changed, and thus, nothing more than a hypothetical possibility was presented to the court. Mere speculation is insufficient (Matter of City of New York [Jomar Real Estate Corp.], supra, p 845; see also, Rebrug Corp. v State of New York, 42 AD2d 801). As a result, the Court of Claims valued the property within the existing zoning framework.

Neither do we find merit to the claimant's main argument on appeal that the zoning ordinance was confiscatory and thus unconstitutional as applied to the subject property. The claimant failed to demonstrate that the ordinance precluded the use of the property for any purpose for which it was reasonably adapted, or that its economic value was completely destroyed (see, Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492; Summers v City of Glen Cove, 17 NY2d 307). The subject property in this case was never reasonably adapted, in and of itself, for development as a commercial enterprise. The property was part of a much larger tract which was intended for, and indeed developed as; a large shopping center. For some unapparent reason, a portion of that property was split off and sold to separate ownership, leaving an odd configuration amounting to a partial border around the shopping center. The zoning ordinance was in full effect at the time of the sale. We have found no case which has held a zoning ordinance unconstitutional as applied to a parcel which was originally suited to development pursuant to the applicable zoning ordinance, but was subsequently subdivided without regard to existing zoning requirements. We decline the claimant's invitation to so hold in the case at bar. The claimant's situation may best be described as a self-imposed hardship. The Court of Claims properly concluded that the only purpose for which the property was

reasonably adapted was as a buffer to the shopping center, or for expansion of the center at some future date.

The other contentions raised by the claimant have been examined and found to be meritless. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.