■ ARTHUR BROWN, Respondent, v ESTATE OF LEO M. ROSENSTOCK, Deceased, et al., Appellants.—Order, Supreme Court, New York County (Carmen B. Ciparick, J.), entered September 27, 1989, which denied respondents-appellants' motion for renewal or reargument of their prior motion, pursuant to CPLR 7601, 7510 and 7514, to confirm the appraisal of a neutral third party and for the entry of judgment on such appraisal, unanimously reversed, on the law and the facts, the motion granted and, upon renewal, the $1.1 million appraisal of the premises is confirmed and the Clerk of New York County is directed to enter judgment in favor of respondents-appellants for outstanding rent due and owing to date in

an amount to be computed in accordance with the terms of the lease, with costs and disbursements.

Appeal from an order of the same court, entered on or about March 28, 1989, which denied cross motions to confirm the appraisal of a neutral third party, is dismissed as academic, without costs.

Petitioner-respondent tenant is the net lessee of a building at 248 East 44th Street in Manhattan pursuant to a lease agreement executed in 1962, with the lease term to run for 25 years at a fixed annual rent. It was renewable in 1987 for a term of 21 years with the rent to be calculated at 6% of the value of the land as vacant and unimproved, which value, in the event of disagreement, was to be determined by appraisers selected in accordance with the terms of the lease. The parties would each appoint an appraiser and if the two appraisers could not agree, a third impartial appraiser would be chosen by the appraisers. In no event would the rent be less than $18,000 per annum.

Respondents-appellants, the landlords, specified that the rent for the renewal term should be $120,000 per year while the tenant sought an annual rent of $18,000 per year, thus necessitating an appraisal.

The tenant's appraiser set a value of $465,000 while the landlords' appraiser set a value of $1.7 million. The selected impartial appraiser set it at $1.1 million. The landlords accepted the impartial appraiser's evaluation and moved to confirm the appraised value at $1.1 million.

The tenant cross-moved on the basis that the agreement required a determination by two appraisers to be binding. The IAS court denied confirmation and suggested that the parties compromise. Thereafter, the landlords' appraiser modified his appraisal from $1.7 million to $1.1 million and, based thereon, the landlords moved to renew or reargue, which motion was denied.

Initially, the court could very well have confirmed the appraisal at $1.1 million, it being obvious that if the landlords were willing to accept the lower figure, there would be a determination by two appraisers in accordance with the lease provision. (See, Rice v Ritz Assocs., 88 AD2d 513, affd 58 NY2d 923; Olympia & York 2 Broadway Co. v Produce Exch. Realty Trust, 93 AD2d 465.) In any event, the landlords' appraiser having filed a new appraisal specifically accepting the same figure that the impartial appraiser had set forth, the motion for renewal should have been granted, and the appraisal at

$1.1 million confirmed. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.