■ RICHMOND COUNTY COUNTRY CLUB, Respondent, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants.—In consolidated proceedings to review the tax assessments on certain real property for the tax years 1984/1985, 1985/1986, 1986/1987, 1987/1988, and 1988/1989, the Finance Administrator of the City of New York and Tax Commission of the City of New York appeal from a judgment of the Supreme Court, Richmond County (Ventiera, J.H.O.), entered August 16, 1989, which, after a nonjury trial, reduced the assessments for the tax years in question to $860,000 for lot 1 of block 900, $1,316,000 for lot 1 of block 902, and $1,172,000 for lot 1 of block 905.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the assessments for the years in question are reinstated and confirmed, and the petitions are dismissed.

The three tax lots under review contain a total area of 5,390,110 square feet, comprising the Richmond County Country Club golf course. In support of its claim of overvaluation, the petitioner relied on the appraisal report and testimony of its sole expert witness, who is a real estate appraiser and broker. The petitioner's expert testified that the lots could not be valued by the capitalization of income approach since there was "no income generated", and also could not be valued by

the market approach because of the lack of any comparable sales. He further maintained that the property was a "special use type" of property which, we note, is valued by the summation approach, i.e., replacement cost of improvements less depreciation, plus land value *(see, Matter of Suffolk County [C.J. Van Bourgondien, Inc.],* 47 NY2d 507; *Matter of Rochester Urban Renewal Agency [Patchen Post],* 45 NY2d 1; 51 NY Jur 2d, Eminent Domain, §§ 232, 236, 238). The record indicates that the petitioner's expert agreed with the respondents' assessed values for the relatively insignificant improvements on the lots in question. Accordingly, the crux of the petitioner's case hinged on the value of the land.

With respect to the value of the land, the appraisal report of the petitioner's expert simply concluded that the land should be valued at "approximately $25,000 per acre". However, this conclusion was not supported by any "facts, figures and calculations", as required by 22 NYCRR 202.60 (g) (3) *(see also, Matter of Rusciano & Son Corp. v Roche,* 118 AD2d 861). In addition, this omission was further compounded when the petitioner's expert testified at the trial that, solely based on his subjective "opinion", the land should be valued at "sixty cents a square foot, twenty-five thousand an acre or a total of $3,234,000". This speculative testimony is not sufficient to satisfy the petitioner's burden of proof. The petitioner having failed to demonstrate that the property in question was overvalued, the assessments in question must be reinstated and the petitions dismissed on the merits *(see, Matter of Manno v Finance Adm'r of City of N. Y.,* 92 AD2d 896). Mangano, P. J., Kunzeman, Lawrence and Miller, JJ., concur.