■ L. ROGER PRITCHARD et al., Appellants, v ONTARIO COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent. L. ROGER PRITCHARD et al., Appellants, v ONTARIO COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent. [669 NYS2d 1004] —Judgment and order unanimously modified on the law and as modified affirmed without costs and new trial granted with respect to Parcel 3 only in accordance with the following Memorandum: Supreme Court properly struck claimants' appraisal of Parcel 2 (denominated Parcel No. 1 by the court) because it failed adequately to set forth the facts, figures and calculations supporting the appraiser's conclusions (*see*, 22 NYCRR 202.59 [g] [2]; *Matter of County of Dutchess [285 Mill St.]*, 186 AD2d 891; *see also*, *Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595, 596; *Matter of State of New York v Town of Thurman*, 183 AD2d 264, 268; *Richmond County Country Club v Finance Adm'r of City of N. Y.*, 173 AD2d 532, 533; *Matter of Burke Apts. v Swan*, 137 AD2d 321, 325; *Geffen Motors v State of New York*, 33 AD2d 980). In any event, even if the court had not stricken that portion of the appraisal, claimants nevertheless failed to make out a prima facie case because of the "omissions in question and other substantial evidentiary deficiencies in the appraisal" (*Matter of Orange & Rockland Utils. v Williams, supra*, at 596). Because claimants failed to demonstrate a reasonable probability, rather than a mere hypothetical pos-

sibility, that the parcel could be used for industrial, commercial, office and airport related uses within the foreseeable future, the court properly disregarded claimants' highest and best use determination for Parcel 2 (*see, IIT Realty Corp. v State of New York*, 120 AD2d 706, 707; *see also, Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536, *rearg denied* 34 NY2d 916).

We conclude further that the court properly determined the value of Parcel 2. Although three of respondent's comparables could not be considered because the properties had only been listed and not sold, the remaining comparables provided a sufficient basis to sustain respondent's appraisal and support the court's determination of fair market value. The court erred, however, in relying on respondent's appraisal report in determining the value of Parcel 3 (denominated Parcel No. 2 by the court). That appraisal incorrectly valued the parcel as subdivided lots minus the cost of development. The correct rule is "to treat the [parcel] not as raw acreage nor as part of a completed development but as a potential subdivision site giving the acreage an increment in value because of that potential use" (*Hewitt v State of New York*, 18 AD2d 1128; *see, Tarricone v State of New York*, 23 AD2d 804, 805; *Barra v State of New York*, 22 AD2d 750).

Finally, we conclude that the court properly rejected claimants' request for consequential damages for noise associated with the air traffic over portions of Parcel 3 only. Consequently, we modify the judgment and order by vacating the second and fourth decretal paragraphs, and we grant a new trial with respect to Parcel 3 only. (Appeal from Judgment and Order of Supreme Court, Ontario County, Harvey, J.—Condemnation.) Present—Green, J. P., Lawton, Hayes and Balio, JJ.