■ Joseph N. Kroboth et al., Respondents, v Shirley Brent, Appellant. [692 NYS2d 217] —Crew III, J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), entered March 16, 1998 in Columbia County, which granted plaintiffs' motion to enforce a settlement agreement directing the sale of real property.

In 1988, defendant contracted to sell plaintiffs approximately 216 acres of land located in the Town of New Lebanon, Columbia County, for $324,000. Pursuant to a subsequently executed amendment, the contract was contingent upon obtaining the required subdivision approval. When the Town Planning Board failed to grant such approval, plaintiffs demanded that defendant refund their down payment and pay for the associated survey costs. Upon defendant's failure to do so, plaintiffs commenced this action seeking, *inter alia*, judgment in the amount of their down payment. Defendant answered and counter-

claimed for liquidated damages based upon plaintiffs' breach of contract.

Following the denial of the parties' respective motions for summary judgment (*see*, 215 AD2d 813) settlement negotiations ensued, culminating in an agreement whereby plaintiffs agreed to purchase approximately 232 acres of defendant's land. As to the purchase price, the settlement agreement provided that the price would be determined "in accordance with an appraisal based on the highest and best use of the property as determined by an appraiser selected by the parties". The parties thereafter selected Anthony Concra to perform the appraisal and agreed that "the determination of the current fair value of the property, in accordance with a certificate appraisal to be prepared by [Concra], shall be binding upon the parties and shall be determinative of the total purchase price".

The property initially was examined by one of Concra's associates, who determined that the highest and best use for the parcel would be as large lot, single-family homes and valued the parcel at $145,000. Upon reviewing the appraisal, defendant raised certain objections and Concra personally reexamined the parcel to address the specific issues that had been raised by defendant, i.e., the possible commercial use of the site as a golf course and the potential for sand/gravel extraction. Following this inspection Concra, having identified several significant defects in the property, affirmed the initial valuation figure of $145,000 or $625 per acre.

Plaintiffs thereafter moved to compel defendant's compliance with the settlement agreement, and defendant again raised the issue of Concra's purported failure to consider the site's potential for mining activities. In an effort to resolve this matter, Supreme Court directed that a hearing be held, at which Concra appeared and testified as to the manner in which the contested appraisal was conducted. Supreme Court ultimately directed that judgment be awarded in favor of plaintiffs, prompting this appeal by defendant.

We affirm. Where, as here, parties have committed the valuation of a particular piece of property to a third party and have agreed to be bound by that result (*see*, *Tonkery v Martina*, 78 NY2d 893, 895), such appraisal/valuation will not be set aside absent a showing of fraud, bias or bad faith (*see*, *Perlbinder v Jakubovitz*, 239 AD2d 294; *Liberty Fabrics v Corporate Props. Assocs. 5*, 223 AD2d 457; *Rice v Ritz Assocs.*, 88 AD2d 513, 514, *affd* 58 NY2d 923). Although defendant contends that Concra made a "palpable error" (*Ardsley Constr. Co. v Port*

*Auth.*, 54 NY2d 876, 877) here by failing to take into consideration the exploitation of sand and gravel deposits in determining the property's highest and best use, we cannot agree.

Whatever doubts defendant may have had regarding whether Concra expressly and specifically considered the possibility of utilizing the site for mineral extraction were put to rest at the hearing conducted in this matter. Concra delineated, in some detail, the various reasons why the subject site simply was not suited for mining activities, including the fact that the property was zoned as residential. Aside from the zoning classification, Concra testified that there were several obstacles to accessing any mineral deposits on the site, such as traversing through designated wetlands and floodplain zones and across an active creek, the latter of which would require construction of a new bridge (assuming appropriate approvals could be obtained). Further, Concra noted that a neighboring mine had evidenced a low production rate for a number of years and cited a number of large sand/gravel companies operating within the area, all of which would impact defendant's chances for success in this regard.

Based upon a review of the foregoing testimony, we cannot say that Concra failed to value the subject parcel in accordance with the "highest and best use" standard set forth in the parties' settlement agreement. The mere possibility that the parcel could have been used for mining activities does not provide a sufficient basis upon which to set aside Concra's determination that the highest and best use for the land was as large lot, single-family residences (*see, Pritchard v Ontario County Indus. Dev. Agency*, 248 AD2d 974, 974-975, *lv denied* 92 NY2d 803). Defendant's remaining arguments, including her assertion that Supreme Court blindly adopted plaintiffs' proposed findings of fact without any independent consideration of the underlying evidence, are equally unpersuasive.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.