■ PETER GROSZ, Respondent, v SERGE SABARSKY, INC., Appellant. [806 NYS2d 498]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered February 4, 2005, which granted plaintiff's motion to enforce a stipulation and denied defendant's cross motion to vacate an appraisal and compel arbitration, unanimously modified, on the law and the facts, to deny plaintiff's motion and grant defendant's cross motion to the extent of remanding for a hearing on (1) whether the painting "Akt mit blauen Schuhen" is the same as Inventory No. UC-5-6, (2) if not, whether defendant properly compensated plaintiff when it traded UC-5-6, (3) whether blockage applies to 90 missing Grosz works, and (4) if so, what the discount should be, and otherwise affirmed, without costs.

The IAS court, which heard and saw the parties make their open-court stipulation, properly concluded that they agreed to

an appraisal rather than an arbitration. Even if, arguendo, they agreed to arbitrate, defendant waived its right to arbitrate by participating in the appraisal instead of moving to compel arbitration (*cf. Matter of Advest, Inc. v Wachtel*, 253 AD2d 659 [1998]; *Matter of Smullyan [SIBJET S.A.]*, 201 AD2d 335 [1994]). We note that defendant did not move to compel arbitration until after the appraisal was issued.

Defendant's claim that the Art Dealers Association of America (ADAA) could not appoint itself as appraiser is without merit. Nothing in the parties' stipulation prevented the ADAA from doing so.

Defendant's contention that plaintiff had to bring a special proceeding to confirm the appraisal is also without merit, as a pending action already existed between the parties (*see* CPLR 7601, 7502 [a]). As for defendant's argument that, in a special proceeding, plaintiff would have had to prove that the estate of George Grosz still owned the works at issue, the dispute over plaintiff's ownership of the works did not survive the parties' stipulation.

The existence of a dispute between the parties over the ownership of 93 of 158 works that defendant returned to plaintiff without prejudice does not bar confirmation of the appraisal, which deals with 98 missing items (*see Matter of Builtland Partners v Jack LaLanne Biltmore Health Spa*, 109 AD2d 662, 663 [1985], *affd* 66 NY2d 1006 [1985]). The two issues (the returned works and the missing items) are entirely separate, so confirmation of the appraisal will not cause delay (*cf. Matter of Penn Cent. Corp. [Consolidated Rail Corp.]*, 56 NY2d 120, 130 [1982]). Because of Arts and Cultural Affairs Law § 12.01 (1) (a), the IAS court (Herman Cahn, J.) properly placed the burden on defendant to prove that it had purchased 93 consigned works for $191,500. Even if the $191,500 represented an advance against commissions instead of the purchase price for 93 works, defendant would not be able to set off the $191,500 against the appraisal award (*see* Arts and Cultural Affairs Law § 12.01 [1] [a] [v]; *Zucker v Hirschl & Adler Galleries*, 170 Misc 2d 426 [1996]).

Before the appraisal started, plaintiff specifically agreed that defendant could participate and later "challenge the appraisal in Court arguing that the Blockage Rule was improperly excluded from the appraisal." This letter, which was signed by plaintiff's attorney, binds plaintiff (*see* CPLR 2104).

Blockage is a well-established concept when valuing art collections (*see Matter of Warhol*, 1994 WL 245246, *4-5, 1994 NY Misc LEXIS 687, *13-15 [Apr. 14, 1994]; *Smith's Estate v Com-*

*missioner of Internal Revenue*, 57 TC 650, 656-658 [1972], *affd* 510 F2d 479 [2d Cir 1975], *cert denied* 423 US 827 [1975]). However, it has usually been applied to a larger number of works than the 90 at issue in this case (*see Warhol*, 1994 WL 245246 at *1, 1994 NY Misc LEXIS 687 at *4 [thousands of works]; *Janis v Commissioner of Internal Revenue*, 2004 WL 1059516, 2004 Tax Ct Memo LEXIS 116 [US Tax Ct] [TC Mem 2004-117] [464 works]; *Smith's Estate*, 57 TC 650 [425 works]; *Estate of O'Keeffe v Commissioner of Internal Revenue*, 1992 WL 69970, 1992 Tax Ct Memo LEXIS 228, *1 [US Tax Ct] [TC Mem 1992-210] [approximately 400 works]; *Calder v Commissioner of Internal Revenue*, 85 TC 713, 718 [1985] [153 works]). We cannot determine from the current record whether a blockage discount should apply to the 90 missing Grosz works. Moreover, "blockage is a question of fact rather than a rule of law" (*Calder*, 85 TC at 725). We therefore remand to the IAS court for a hearing on this issue (*cf. e.g. D.R. Watson Holdings, LLC v Caliber One Indem. Co.*, 15 AD3d 969, 970 [2005], *lv dismissed* 4 NY3d 882 [2005]). If the court finds that a blockage discount should apply, it should also determine the amount of the discount.

Defendant's argument that the appraisal failed to conform to industry standards in other respects besides blockage is unavailing. "[A]ppraisal is not an exact science . . . . Appraisers are not limited to a single method of valuation unless the [agreement] provides otherwise" (*Olympia & York 2 Broadway Co. v Produce Exch. Realty Trust*, 93 AD2d 465, 468 [1983]). Nothing in the parties' stipulation required the appraiser to value the missing works according to either the Uniform Standards of Professional Appraisal Practice or the guidelines of the American Appraisers Association. "All that we may be concerned with is whether the appraisers acted honestly and in good faith, in the exercise of their wide discretion as to methods of procedure and sources of information" (*Rice v Ritz Assoc.*, 88 AD2d 513, 514 [1982], *affd* 58 NY2d 923 [1983]). Defendant does not contend that the ADAA acted dishonestly or in bad faith.

Defendant has raised serious doubts as to whether plaintiff properly identified Grosz Inventory No. UC-5-6 (a 1929 watercolor called "Nude") as being the same as "Akt mit blauen Schuhen" ("Nude with Blue Shoes"). Because the parties engaged in a limited appraisal rather than a full-fledged arbitration, defendant could not have been expected to argue to the appraiser that it had purchased "Akt" from a third party rather than plaintiff. Similarly, plaintiff could not have been expected to argue to the appraiser that defendant had traded UC-5-6 for another work without compensating him.

A stipulation must be interpreted by examining the record as a whole (see *Matter of Stravinsky*, 4 AD3d 75, 82 [2003]). Plaintiff's complaint dealt with works that he consigned to defendant, not with works that defendant purchased from third parties. Therefore, when the parties agreed that defendant would pay the value of missing works to plaintiff, they did not intend for defendant to pay plaintiff the value of a work that it acquired from a third party.

We remand to the IAS court for a hearing (cf. e.g. *D.R. Watson, supra*). At the hearing, plaintiff will bear the burden of proving that "Akt" is the same as missing work UC-5-6. If the IAS court finds that the two are not the same, defendant shall bear the burden of proving that it properly compensated plaintiff after trading UC-5-6 (see Arts and Cultural Affairs Law § 12.01 [1] [a]). If defendant fails to meet this burden, UC-5-6 shall be treated as a missing work for which there is no photograph. In that event, using the same method as the ADAA, the consignment price of $8,000 shall be multiplied by five. Should blockage be determined to apply to the 90 missing works after the hearing directed above, then the same discount determined shall apply to the valuation of UC-5-6.

Because the award was an appraisal award rather than an arbitral award, the IAS court had the power to grant pre-award interest (see *Matter of American Silk Mills Corp. [Meinhard-Commercial Corp.]*, 38 AD2d 695 [1972], *affd* 31 NY2d 777 [1972]). Given that (1) plaintiff consigned works from 1973 onward, (2) defendant agreed on December 4, 2002 that certain works were missing and that it would compensate plaintiff for their value, and (3) the value was to be calculated as of December 1, 2002, the valuation date was a "reasonable intermediate date" (CPLR 5001 [b]) from which preaward interest should run. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and McGuire, JJ.