■ In the Matter of JOHNSON KIRCHNER HOLDINGS, LLC, Respondent, v VINCENZO GALVANO, Appellant. [54 NYS3d 647]—

In a proceeding pursuant to CPLR 7601 to enforce a commercial lease provision regarding the appraisal of real property, Vincent Galvano appeals from a judgment of the Supreme Court, Rockland County (Alfieri, J.), dated August 9, 2015, which, upon an order of the same court dated July 10, 2015, granting the petitioner's motion to confirm a valuation report regarding the property, is in favor of the petitioner confirming the appraised value of the property as $1,699,000.

Ordered that the judgment is affirmed, with costs.

In this proceeding pursuant to CPLR 7601, the petitioner property owner sought to enforce a lease provision between it and the appellant tenant, governing the fixing of future rent upon the appellant's exercise of an option to renew the lease, by seeking the appointment of an independent third party to appraise the property as if it was vacant land. In accordance with the terms of the lease, the Supreme Court appointed an experienced Rockland County real estate broker to perform the appraisal. Thereafter, the broker issued a valuation report which assigned the property a value of between $1,699,000 and $1,812,000. The petitioner accepted the valuation of $1,699,000 and moved to confirm the appraisal, while the appellant argued

that the property was grossly overvalued and opposed confirmation. The court granted the petitioner's motion and issued a judgment in favor of the petitioner, confirming the appraised value of the property at $1,699,000 for the purpose of calculating the appellant's rent under the option to renew.

The appellant contends that the Supreme Court erred and effectively rewrote the parties' lease by appointing a real estate broker, rather than a licensed appraiser, to perform the property valuation. However, the appellant cannot be heard to complain regarding the broker's qualifications, as he failed to raise any objection on this basis at the time of the appointment, but instead waited to challenge the broker's professional competence until after she conducted a valuation and reached a determination with which he disagreed (*see generally A & L Vil. Mkt., Inc. v 344 Vil., Inc.*, 140 AD3d 804, 806 [2016]; *Matter of Atlantic Purch., Inc. v Airport Props. II, LLC*, 77 AD3d 824, 825 [2010]; *Matter of Glatzer v Glatzer*, 73 AD3d 1173, 1175 [2010]; *Matter of Raitport v Salomon Smith Barney, Inc.*, 57 AD3d 904, 906 [2008]). In any event, the appellant's claim that only a licensed real estate appraiser could perform the valuation finds no support in the law (*see* Executive Law § 160-b [2]), in the terms of the parties' lease, which expressly authorized the appointment of a real estate broker for that purpose, or in the prior orders in this proceeding, which merely observed that the lease contemplated that the valuation of the property should be achieved through an appraisal rather than arbitration.

One who is appointed by the court to determine the value of property possesses " 'wide discretion as to [the] methods of procedure and sources of information' " to be utilized in reaching a determination (*Grosz v Serge Sabarsky, Inc.*, 24 AD3d 264, 266 [2005], quoting *Rice v Ritz Assoc.*, 88 AD2d 513, 514 [1982]). Moreover, "[a]ppraisers are not limited to a single method of valuation unless the lease provides otherwise" (*Olympia & York 2 Broadway Co. v Produce Exch. Realty Trust*, 93 AD2d 465, 468 [1983]; *see Grosz v Serge Sabarsky, Inc.*, 24 AD3d at 266; *Matter of Builtland Partners v Jack LaLanne Biltmore Health Spa*, 109 AD2d 662, 663 [1985]). Since the lease in this case prescribed no particular valuation methodology, the broker was not obligated to employ the Uniform Standards for Professional Appraisal Practices in reaching her valuation.

An appraisal will not be set aside absent proof of fraud, bias, or bad faith (*see Kroboth v Brent*, 262 AD2d 837, 838 [1999]; *Liberty Fabrics v Corporate Props. Assoc. 5*, 223 AD2d 457 [1996]; *Olympia & York 2 Broadway Co. v Produce Exch. Realty*

*Trust*, 93 AD2d at 472; *Rice v Ritz Assoc.*, 88 AD2d at 514). Here, the purported factual errors and conflicting expert opinion presented by the appellant were insufficient to make the requisite showing for rejection of the challenged appraisal.

Accordingly, the Supreme Court properly granted the petitioner's motion to confirm the valuation and entered a judgment in favor of the petitioner. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.