Matter of Buscaglia v Assessor, Town of Hamburg (2018 NY Slip Op 04877)





Matter of Buscaglia v Assessor, Town of Hamburg


2018 NY Slip Op 04877


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


646 CA 17-02176

[*1]IN THE MATTER OF NICHOLAS L. BUSCAGLIA, PETITIONER-APPELLANT,
v
ASSESSOR, TOWN OF HAMBURG AND THE BOARD OF ASSESSMENT REVIEW OF THE TOWN OF HAMBURG, RESPONDENTS-RESPONDENTS. 






WOLFGANG & WEINMANN, LLP, BUFFALO (PETER ALLEN WEINMANN OF COUNSEL), FOR PETITIONER-APPELLANT. 
WILLIAM J. TRASK, BLASDELL, FOR RESPONDENTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Sharon S. Townsend, J.), entered February 24, 2017 in proceedings pursuant to RPTL article 7. The order dismissed the petitions. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petitions are reinstated and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced these proceedings pursuant to RPTL article 7, seeking to challenge the tax assessments on a waterfront parcel of real property located in the Town of Hamburg, on Lake Erie. The residence on the property was originally built in 1938 and underwent extensive remodeling in 1980 and during the last decade. In separate petitions, petitioner challenged the tax assessments for the 2013-2014, 2014-2015, 2015-2016, and 2016-2017 years, and the matter proceeded to trial. Petitioner and respondents stipulated to the admission in evidence of their respective appraisal reports, and the parties' attorneys presented arguments thereupon. There was no evidence before Supreme Court other than the two appraisals. The court agreed with respondents that petitioner failed to overcome the legal presumption that respondents' assessment was valid by introducing substantial evidence that the property was overvalued, and dismissed the petitions on that ground. We reverse.
It is well settled that, "[i]n an RPTL article 7 proceeding, a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority," and "a petitioner challenging the accuracy of a tax valuation has the initial burden to rebut the presumption by introducing substantial evidence that the property was overvalued" (Matter of Roth v City of Syracuse, 21 NY3d 411, 417 [2013]; see Matter of Canandaigua Natl. Bank & Trust Co. v Brown, 137 AD3d 1627, 1629 [4th Dept 2016]). "[T]he substantial evidence' standard merely requires that petitioner demonstrate the existence of a valid and credible dispute regarding valuation. The ultimate strength, credibility or persuasiveness of petitioner's arguments are not germane during this threshold inquiry" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]). This burden, which is lower than "proof by a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (id., quoting 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]), is most often attempted to be met by a taxpayer by the submission of a " detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser' " (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 175 [2014], quoting Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 196 [1998]). An appraisal "should be disregarded[, however,] when a party violates [22 NYCRR] 202.59 (g) (2) by failing to adequately set forth the facts, figures and [*2]calculations supporting the appraiser's conclusions' " (id. at 176, quoting Pritchard v Ontario County Indus. Dev. Agency, 248 AD2d 974, 974 [4th Dept 1998], lv denied 92 NY2d 803 [1998]).
Here, the court did not conclude that petitioner's appraisal was facially insufficient under section 202.59 (g) (2), and there was no finding by the court that the "sales, leases or other transactions involving comparable properties . . . relied on . . . [were not] set forth with sufficient particularity as to permit the transaction to be readily identified" (id.; see Board of Mgrs. of French Oaks Condominium, 23 NY3d at 175-176). The court, relying on respondents' allegation that petitioner's appraiser had misidentified the types of transactions underlying each comparable and the import thereof, determined that dismissal of the petitions was warranted "[b]ecause there was no other evidence presented by Petitioner to support his arguments and substantiate [his] appraisal report to overcome the legal presumption that the Assessor's valuation is accurate." That was error.
The appraisal reports stipulated in evidence by the parties presented "a valid and credible dispute regarding valuation" (FMC Corp. [Peroxygen Chems. Div.], 92 NY2d at 188; see Board of Mgrs. of French Oaks Condominium, 23 NY3d at 175), and the court ruled that it would consider only those appraisal reports. Therefore, petitioner in meeting his threshold burden had no obligation to come forward with additional evidence to rebut the unsworn allegations of respondents' counsel disputing the validity of petitioner's comparables. Thus, we reverse the order, reinstate the petitions and remit the matter to Supreme Court to "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that
[his] property has been overvalued" (FMC Corp. [Peroxygen Chems. Div.], 92 NY2d at 188).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court