Liebowitz v Liebowitz (2020 NY Slip Op 07710)





Liebowitz v Liebowitz


2020 NY Slip Op 07710


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 313944/15 Appeal No. 12722 Case No. 2020-01979 

[*1]Amy Butte Liebowitz, Plaintiff-Appellant,
v
David Liebowitz, Defendant-Respondent.


Law Offices of Peter M. Nissman, New York (Peter M. Nissman of counsel), for appellant.
Donohoe Talbert LLP, New York (Margaret M. Donohoe of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered January 10, 2020, which denied plaintiff wife's motion to reject Special Referee Joseph P. Burke's order in limine/partial report with recommendations, dated November 6, 2019, which recommended that she be precluded from offering expert evidence to challenge the third independent appraisal of the parties' home in Bridgehampton, denied her alternative request to put the home on the market, and granted defendant husband's cross motion to confirm the report and for attorneys' fees, unanimously affirmed, without costs.
The court properly precluded the expert testimony proffered by plaintiff to challenge the independent appraiser's report. The parties' prenuptial agreement plainly provided that the value assessed by the independent appraiser would be "binding in all respects," and made no provision for a grievance procedure in the event that a party disagreed with the independent appraisal.
Although plaintiff's expert opined that the independent appraisal was overinflated and improperly conducted, plaintiff did not present any evidence of fraud, bias, or bad faith on the independent appraiser's part (see Matter of Johnson Kirchner Holdings, LLC v Galvano, 150 AD3d 1001, 1002 [2d Dept 2017]).
Further, while the independent appraiser set a value higher than that found by the parties' appraisers, an appraiser possesses a "wide discretion as to methods of procedure and sources of information" to be utilized in reaching a determination (Grosz v Serge Sabarsky, Inc., 24 AD3d 264, 266 [1st Dept 2005] [internal quotation marks omitted]). Moreover, nothing in the prenuptial agreement required the appraiser to value the property according to either the Uniform Standards of Professional Appraisal Practice or the guidelines of the American Appraisers Association (see id.; Olympia & York 2 Broadway Co. v Produce Exch. Realty Trust, 93 AD2d 465, 468 [1st Dept 1983]).
Before any valuation of the property had been completed, plaintiff expressly "exercised" her option to buy the property in a so-ordered stipulation and then moved to enforce the buy-out provision of the prenuptial agreement. When she exercised her option to buy based on a price to be set in accordance with the appraisal process set forth in the prenuptial agreement, a bilateral contract was formed between the parties that could be enforced by defendant (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 485 [1989], cert denied 498 US 816 [1990]; see also Kaplan v Lippman, 75 NY2d 320, 325 [1990]). Plaintiff's contention that she could unilaterally withdraw the exercise of her option is not supported by the language in the prenuptial agreement.
The court properly awarded attorneys' fees to defendant based on plaintiff's default in fulfilling her obligation under the buy-out part of the prenuptial agreement. Plaintiff's argument that the court should have held a hearing concerning the amount of fees is raised for the first time on appeal and unpreserved for our review. In any event, defendant submitted his attorney's retainer agreement and affirmation of services, detailing the hours spent opposing plaintiff's motion and the prevailing hourly rate for similar legal work in the community.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020