Matter of Islip Theaters, LLC v Landmark Plaza Props. Corp. (2021 NY Slip Op 03835)





Matter of Islip Theaters, LLC v Landmark Plaza Props. Corp.


2021 NY Slip Op 03835


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-11925
 (Index No. 614868/18)

[*1]Matter of Islip Theaters, LLC, respondent,
v
Landmark Plaza Properties Corp., appellant.


Glenn T. Nugent, P.C., Amityville, NY, for appellant.
William R. Garbarino, Sayville, NY (Donald R. Hamill of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 7601 to enforce a valuation provision of the parties' lease, Landmark Plaza Properties Corp. appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 10, 2018. The order and judgment granted the petition and authorized the petitioner to pay John J. Breslin, Jr., sums due as neutral appraiser under the terms of the lease and to obtain rent credits for that portion of the payment due by Landmark Plaza Properties Corp., and awarded the petitioner costs of the proceeding to be taken as rent credits.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner, Islip Theaters, LLC (hereinafter the tenant), leases real property in Sayville from the respondent, Landmark Plaza Properties Corp. (hereinafter the landlord), on which the tenant operates a movie theater. In determining renewal rent under the lease, the tenant contested the landlord's appraisal and obtained its own appraisal, which differed from the landlord's appraisal. After the parties were unable to agree on a compromise figure, pursuant to paragraph 3(h) of the lease, the parties' appraisers selected John J. Breslin, Jr., as a "mutually acceptable third licensed appraiser," to make a binding determination of the fair market value rent of the premises. The landlord, however, objected to the selection because Breslin insisted on reviewing copies of the parties' original appraisals in conducting his own appraisal. The landlord refused to sign the retainer agreement or to pay its equal share of the appraisal fees. The tenant thereafter commenced this proceeding pursuant to CPLR 7601 to enforce the valuation provision of the parties' lease. The Supreme Court granted the tenant's petition and authorized the tenant to pay Breslin sums due as neutral appraiser under the terms of the lease and to obtain rent credits for the landlord's share of the payment and the costs of the proceeding. The landlord appeals.
CPLR 7601 provides, in relevant part, that "[a] special proceeding may be commenced to specifically enforce an agreement that a question of valuation, appraisal or other issue or controversy be determined by a person named or to be selected."
"[A] contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed" (Morlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16, 19; see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548; Matter of A. Ligeras Enters., Inc. v Carla Realty Co., 164 AD3d 783, 784). "Thus, clear, complete writings should [*2]generally be enforced according to their terms" (Matter of Wallace v 600 Partners Co., 86 NY2d at 548 [internal quotation marks omitted]). Here, paragraph 3(h) of the lease provides, in relevant part, that, "[i]f the appraisal made by tenant's appraiser shall differ from the determination made by landlord's appraiser, and the parties cannot agree on a compromise figure, then both appraisers shall select a mutually acceptable third licensed appraiser who shall determine the fair market rent of the premises, and whose decision with respect thereto shall be final and binding. The cost of the third appraisal shall be shared equally by the landlord and tenant."
Contrary to the landlord's contention, the lease does not restrict the third appraiser from reviewing the parties' original appraisals. Where the lease does not provide the method or manner of valuation, the appointed appraiser "possesses wide discretion as to [the] methods of procedure and sources of information to be utilized in reaching a determination" (Matter of Johnson Kirchner Holdings, LLC v Galvano, 150 AD3d 1001, 1002 [internal quotation marks omitted]; see Grosz v Serge Sabarsky, Inc., 24 AD3d 264, 266; Rice v Ritz Assoc., 88 AD2d 513, 514, affd 58 NY2d 923). The appraiser may proceed "in any way which [is] fair and equitable" (Moore v Eadie, 245 NY 166, 169). Further, the parties' appraisers did not condition Breslin's selection on any agreement regarding the materials to be reviewed, and the lease did not provide the landlord with the right to disapprove of the selection made by the appraisers or to control the material the third appraiser could review.
Since the selection of Breslin as the third appraiser was in compliance with the unequivocal terms of the lease, which obligated the landlord to share equally in the cost of the third appraisal, the Supreme Court properly granted the tenant's petition (see generally Matter of A. Ligeras Enters., Inc. v Carla Realty Co., 164 AD3d at 784).
The landlord's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court