Panasia Estate, Inc. v Tapas y Mas, LLC (2024 NY Slip Op 05898)

Panasia Estate, Inc. v Tapas y Mas, LLC

2024 NY Slip Op 05898

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 160545/22 Appeal No. 3126-3127 Case No. 2023-06423, 2024-00095 

[*1]Panasia Estate, Inc., Plaintiff-Appellant,
v
Tapas y Mas, LLC, Defendant-Respondent.

Leech Tishman Robinson Brog, PLLC, New York (John D. D'Ercole of counsel), for appellant.
Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Matthew C. Daly of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Andrea Masley, J.), entered September 25, 2023, which granted defendant tenant's motion for summary judgment on its counterclaim dismissing the landlord's claims and seeking a declaration setting the market rent at $80 per square foot as of February 1, 2021, denied plaintiff landlord's motion for summary judgment seeking a declaration setting the market rent at $149.88 per square foot as of February 1, 2021, issued a judgment declaring the market rent as $80 per square foot as of February 1, 2021 and ordering the landlord to issue a rent credit in accordance with the parties' settlement agreement, unanimously affirmed, with costs.
Supreme Court properly denied the landlord's motion for summary judgment, as the parties' settlement agreement was clear and unambiguous on its face, requiring "appraisal of the market rent for the Leased Premises as of February 1, 2021" (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). According to the landlord's proffered industry definition, market rent is "[t]he most probable rent that a property should bring in a competitive and open market reflecting all conditions and restrictions of the lease agreement, including permitted uses, use restrictions, expense obligations, terms, concessions, renewal and purchase options, and tenant improvements (TIs)" (Appraisal Institute, The Dictionary of Real Estate Appraisal at 121-122 [5th ed 2010]; see also Chock Full O'Nuts Corp. v NRP LLC I, 47 AD3d 189, 194 n 4 [1st Dept 2007]).
Furthermore, based on the language of the settlement agreement, Supreme Court properly set the market rate as of February 1, 2021, the date certain specified in the settlement agreement. To the extent the appraisal went beyond the language of the settlement agreement and determined the market rent by calculating the effective rent during the five-year lease renewal term and proffering a different figure as more appropriate than the determined market rent, the appraisal violated the express language of the settlement agreement and Supreme Court properly rejected it (see New York Overnight Partners v Gordon, 88 NY2d 716, 721 [1996]; see also Rice v Ritz Assoc., 88 AD2d 513, 513-514 [1st Dept 1982], affd 58 NY2d 923 [1983]). That the unambiguous terms of the agreement now strike the landlord as a poor bargain does not constitute a basis for recasting the agreement under the guise of judicial interpretation (New York Overnight Partners, 88 NY2d at 722) so as to require the use of the appraiser's effective rent figure, which is a concept distinct from market rent (see Dictionary of Real Estate Appraisal at 66). The courts are "extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc., 25 NY3d 581, 597 [2015] [internal quotation marks and citation omitted]).
We have considered [*2]the landlord's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024