■ BARTON M. PERLBINDER et al., Respondents, v JEROME R. JAKUBOVITZ, Appellant. [658 NYS2d 267] —Order, Supreme Court, New York County (Norman Ryp, J.), entered October 29, 1996, which denied defendant's motion for summary judgment dismissing the action commenced by plaintiffs Barton Mark Perlbinder and M P Trust/1291 seeking to recover losses allegedly resulting from defendant's appraisal of their property, unanimously reversed, on the law, with costs, the motion granted, the complaint dismissed and the matter remanded for consideration of imposition of costs or sanctions against plaintiffs and/or plaintiffs' attorney. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Summary judgment should have been granted to defendant, the independent third real estate appraiser appointed by the parties to the lease to settle their dispute over valuation of the subject property. "[A]ppraisal is not an exact science and * * * the determination of an appraiser is to be upheld as long as the appraiser proceeds in good faith and without bias or fraud" (Olympia & York 2 Broadway Co. v Produce Exch. Realty Trust, 93 AD2d 465, 468; Winter Mgt. Corp. v Perlbinder, 179 AD2d 518). Appraisers have broad discretion as to their methods and as to their sources of information (Rice v Ritz Assocs., 88 AD2d 513, 514, affd 58 NY2d 923).

Defendant demonstrated his entitlement to summary judgment with a prima facie showing that his appraisal was conducted in good faith and without fraud or bias. The record shows that his appraisal was based upon a review of the submissions of the parties' appraisers and due consideration of the assemblage potential of the subject property, including: the likelihood of availability of the adjacent property, a lucrative parking garage; evidence of plaintiffs' efforts over a three-year period to accomplish the purported assemblage plan; and the separate, fruitless assemblage effort of a powerful real estate investment syndicate with regard to the same property. In addition, the lessee's appraiser concurred with defendant's valuation, and defendant submitted the affidavit of a licensed real estate professional who, upon review of the three appraisals, the lease and the complaint, vouched for the professionalism and the appropriateness of defendant's appraisal.

This showing shifted to plaintiffs the burden of proof and

plaintiffs failed to demonstrate the existence of a triable issue of fact with evidence in admissible form, as opposed to unsubstantiated, conclusory assertions (*Zuckerman v City of New York*, 49 NY2d 557, 562). The record fails to indicate any evidence of fraud, bias or bad faith on the part of defendant. Furthermore, plaintiffs' assertions as to defendant's appraisal of an unrelated property, in which he did include assemblage value, were irrelevant to the property at issue; plaintiffs' evidence of assemblage plans for the property was insufficient to establish a credible possibility of assemblage and plaintiffs failed to establish their assertion that defendant was required to provide a written appraisal report or that they were damaged by its absence.

We further note that an award of sanctions may be appropriate here against plaintiff Perlbinder, his counsel, or both (CPLR 8303-a; 22 NYCRR part 130). The record shows that he was well aware, prior to the commencement of this action, that there was no reasonable basis for challenging the appraisal, that the defendant had considered and rejected the assemblage potential of the subject property and that the lease bound the parties to accept defendant's estimate since a second appraiser agreed with it. Since the issue of sanctions was raised but not addressed in the motion court, we remand to that court for a hearing and determination on this issue.

In view of the foregoing, the remaining issues raised by the parties need not be addressed. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.