■ KATHLEEN TAGGART, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [707 NYS2d 452] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 20, 1999, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when she was hit by a motorcycle, and defendant, the insurer of the motorcycle's operator and owner, thereafter agreed to pay plaintiff no-fault medical benefits. After making such payments for a period, defendant, pursuant to 11 NYCRR 65.15 (g) (2) (ii), sent plaintiff a denial of claim form, dated July 13, 1990, notifying her that her no-fault medical benefits were to be discontinued in light of medical examinations indicating that she was no longer disabled. From the date of the denial of claim, plaintiff had six years to challenge the denial as a breach of defendant's agreement to pay her no-fault benefits and may not have the applicable statutory period extended until her commencement of this action in 1998 simply because she continued to submit bills for payment subsequent to her receipt of the July 13, 1990 denial notice. Accordingly, plaintiff's first cause of action challenging the defendant's discontinuance of the subject no-fault medical benefits was properly dismissed as time-barred. Also properly dismissed were plaintiff's remaining causes alleging breaches of the policy issued to defendant's insureds. Plaintiff is not defendant's insured and, thus, has no standing to sue defendant for breach of that policy. We note in this regard that this is not a case in which the statutory exception set forth in Insurance Law § 3420 is applicable to the general common-law rule of standing. The conditions set forth in Insurance Law § 3420 for the assertion of a contract claim by a tort claimant under the tortfeasor's liability policy have not been met by plaintiff (*see, Clarendon Place Corp. v Landmark Ins. Co.*, 182 AD2d 6, *appeal dismissed and lv denied* 80 NY2d 918).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.