■ EDITH S. MARCUS et al., Appellants, v MARTIN BRESSLER et al., Respondents, et al., Defendants. [716 NYS2d 395] —Appeal

from order, Supreme Court, New York County (Martin Evans, J.H.O.), entered February 1, 1999, which directed judgment in favor of the individual defendant-respondent in the amount of $50,000 in punitive damages on his counterclaim for slander, and ordered that plaintiff pay sanctions pursuant to CPLR 8303-a to defendants-respondents in the amount of $10,000 each, for the third and fourth causes of action, the fifth and sixth causes of action, the seventh cause of action, the eleventh cause of action and the thirteenth cause of action, for a total of $50,000, deemed an appeal from the judgment, same court and Judicial Hearing Officer, entered March 17, 1999, for $50,665.75 in favor of the individual defendant-respondent on his counterclaim and $51,655.35 in favor of defendants-respondents on the sanction award, and as so considered, said judgment unanimously modified, on the law and the facts, the award to the individual defendant on his counterclaim deleted, and otherwise affirmed, without costs.

The record supports the Judicial Hearing Officer's conclusion that plaintiffs' decedent, the creator of the iconographic "Seven Year Itch" image of Marilyn Monroe, in a billowing white skirt, commenced and maintained this action (since assumed by the representatives of his estate) against his former intellectual property litigation counsel "in bad faith without any reasonable basis in law or fact" and without any "good faith argument for an extension, modification or reversal of existing law" (CPLR 8303-a [c] [ii]), and that he knew or should have known (*see*, *McGill v Parker*, 179 AD2d 98, 111), prior to pleading his causes of action, that there was no reasonable basis for them (*see*, *Perlbinder v Jakubovitz*, 239 AD2d 294, 295). In light of that determination, the imposition of sanctions was proper (*see*, *Nyitray v New York Athletic Club*, 274 AD2d 326). Further, in view of the unique facts of this case, we find the amount of sanctions, and the Judicial Hearing Officer's exercise of discretion in imposing sanctions, appropriate (*see*, *Gross v Kurk*, 250 AD2d 810, 811, *lv denied* 92 NY2d 811).

As to the individual defendant's counterclaim, the false charge of larceny was slanderous per se (*see*, *Liberman v Gelstein*, 80 NY2d 429, 435), and defendant, while not required to show special damages, was entitled to seek punitive damages (*see*, *Gatz v Otis Ford*, 274 AD2d 449, 450). Acts of malice, apart from the instance of slander on which the action was brought, were probative of whether or not plaintiff bore defendant common-law malice, which is required to justify punitive damages (*see*, *Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479). All the same, the purpose of punitive damages

on a slander claim should be to punish the slander itself, since there must be a reasonable relationship between punitive damages and actual damages (*see, e.g., McIntyre v. Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, 270-271, *appeal dismissed* 93 NY2d 919, *lv denied* 94 NY2d 753). Here, it is clear that the punitive damages award was intended to punish not merely the act of slander that was the gravamen of the counterclaim, but a broad range of malicious behavior, including numerous verbal statements that were plainly " 'loose, figurative or hyperbolic' " non-actionable expressions of opinion (*Miss American Petite v Fox Broadcasting Co.*, 262 AD2d 33, 34). In our view, the punitive damages award and the award of sanctions in an identical amount constitute a double recovery. For that reason, we find that the decision to award punitive damages on the counterclaim was an improvident exercise of the Judicial Hearing Officer's discretion (*see, Loughry v Lincoln First Bank*, 67 NY2d 369, 378), and we exercise our discretion on review of a non-jury award to render an independent judgment as warranted by the facts in deleting it (*see, e.g., Matter of Allen v Black*, 275 AD2d 207).

We have considered plaintiffs' remaining appellate arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.