■ Continental Casualty Company et al., Respondents, v Nationwide Indemnity Company et al., Defendants, and Mary O'Reilly et al., Appellants. [792 NYS2d 434]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 26, 2004, which, in a declaratory judgment action involving, inter alia, plaintiff insurers' obligations to persons claiming asbestos injuries arising out of the operations of plaintiffs' insured, a dissolved insulation contractor, granted plaintiffs' motion to dismiss, for failure to state a cause of action, defendant claimants' counterclaims for violation of General Business Law § 349 and breach of the covenant of good faith and fair dealing, unanimously affirmed, with costs.

Defendant claimants' counterclaim for violation of General Business Law § 349 alleges that plaintiff insurers have repeatedly misrepresented the meaning of their standard comprehensive general liability policies, both to the businesses they sold the policies to, including the dissolved insulation contractor, and to defendants themselves, and that defendants sustained injury as a direct result of such misrepresentations. These allegations, liberally construed, at best show a private contract dispute over policy coverage and the processing of defendants' claims, not conduct affecting the consuming public at large, and thus do not state a cause of action under section 349 (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320-321 [1995]; *Fekete v GA Ins. Co. of N.Y.*, 279 AD2d 300 [2001]; *Medical Socy. of State of N.Y. v Oxford Health Plans, Inc.*, 15 AD3d 206, 206-207 [2005]).

Defendants' counterclaim for breach of the implied covenant of good faith and fair dealing alleges that the vast majority of their claims arose out of the insured's installation of asbestos and therefore fall under the unaggregated premises/operations coverage, and that no reasonable insurer would have denied coverage, as plaintiffs did, on the ground that such claims fall under the limited products or completed operations hazards

coverage. This counterclaim was properly dismissed since there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance policy (*see Acquista v New York Life Ins. Co.*, 285 AD2d 73, 78 [2001]), and until they obtain a judgment against the insulation contractor that goes unsatisfied, defendants lack standing to enforce insurance policies to which they were not parties (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33–34 [1979], *affd* 49 NY2d 924 [1980]; *Tower Ins. Co. of N.Y. v Skate Key*, 273 AD2d 158 [2000]; *see Taggart v State Farm Mut. Auto. Ins. Co.*, 272 AD2d 222 [2000]). Concur—Ellerin, J.P., Nardelli, Williams, Gonzalez, Sweeny, JJ.