■ MEEYAPILLAI K. ZAWAHIR, Respondent, v BERKSHIRE LIFE INSURANCE COMPANY, Appellant. [804 NYS2d 405]—

In an action, inter alia, to recover damages for breach of certain insurance policies, the defendant appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 23, 2003, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, without prejudice to renew upon completion of discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the third cause of action pursuant to CPLR 3211 (a) (7) is granted, and that cause of action is dismissed.

The plaintiff insured brought this action against the defendant insurer after the defendant ceased making payments under certain disability policies issued by it to him. The complaint contained three causes of action. The third cause of action, which is the subject of this appeal, did not identify the common-law or statutory violation purportedly alleged therein. However, reading that cause of action liberally, and giving the plaintiff the benefit of every reasonable inference that may be drawn therefrom, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that the third cause of action alleges either "bad faith" in the insurance context, deceptive business practices in violation of General Business Law § 349, or unfair claims settlement practices in violation of Insurance Law § 2601. However viewed, the Supreme Court should have granted that branch of the motion which was to dismiss the third cause of action.

Assuming that the plaintiff intended to allege "insurance bad faith," he failed to state a cause of action, as "there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations" under an insurance contract (*Continental Cas. Co. v Nationwide Indem. Co.*, 16 AD3d 353, 354-355 [2005]; *see Royal Indem. Co. v Salomon Smith Barney*, 308 AD2d 349, 350 [2003]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 470 [2002]).

Assuming that the plaintiff intended to allege a violation of General Business Law § 349, he failed to state a cause of action. This action simply involves a private contract dispute involving coverage under the subject policies, in contrast to the consumer-oriented, deceptive conduct aimed at the public at large that General Business Law § 349 is designed to address (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320-321 [1995]; *Goldblatt v MetLife, Inc.*, 306 AD2d 217 [2003]; *Korn v First UNUM Life Ins. Co.*, 277 AD2d 355, 356 [2000]).

Finally, assuming that the plaintiff intended to allege a violation of Insurance Law § 2601, that statute does not authorize a private cause of action (*see Rocanova v Equitable Life Assur. Socy. of U. S.*, 83 NY2d 603, 614 [1994]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the third cause of action. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.