CAROLYN JOHNSON et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [823 NYS2d 415]—

In an action to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), dated November 21, 2005, as granted the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The first cause of action in the original complaint sought compensatory damages of $5,000,000 for breach of an insurance policy, and the second cause of action sought compensatory and punitive damages in the sum of $5,000,000 for malicious intent, undue hardship, and bad faith refusal to honor the plaintiffs' rights and remedies under the insurance policy.

The defendant moved to dismiss the second cause of action and the plaintiff cross-moved for leave to amend that cause of action to allege an intentional refusal to pay benefits "maliciously and . . . [in] wanton disregard of the rights of the plaintiffs." The court granted the cross motion for leave to serve an amended complaint on the ground that there was no prejudice to the defendant (see CPLR 3025).

Since the cross motion was made in response to a motion to dismiss pursuant to CPLR former 3211 (e), the plaintiffs were required to establish a "good ground" for granting leave to replead (*Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.,* 28 AD3d 596 [2006]). We note that recent amendments to CPLR 3211 (e) do not apply to this case because those amendments apply only to actions commenced after January 1, 2006 (*see* L 2005, ch 616; *Andux v Woodbury Auto Park, Inc.,* 30 AD3d 362 [2006]).

The amended second cause of action is duplicative of the first cause of action. There is no separate tort for bad faith refusal to comply with an insurance contract. Thus, both the first cause of action and the amended second cause of action sound in breach of contract (*see Zawahir v Berkshire Life Ins. Co.*, 22 AD3d 841 [2005]; *Continental Cas. Co. v Nationwide Indem. Co.*, 16 AD3d 353 [2005]). Further, to recover punitive damages, conduct must be alleged which is part of a pattern directed at the public generally, which was not alleged here (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]).

Accordingly, the proposed amendment failed to state a cause of action and the plaintiffs' cross motion should have been denied. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.