10-455-bk and 10-391-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of December, two thousand and ten.

PRESENT: WILFRED FEINBERG,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

─────────────────────────────────────

IN RE: PARK AVENUE GARAGE, LLC,

                  *Debtor.*

─────────────────────────────────────────

390 PARK AVENUE ASSOCIATES, LLC,

                  *Claimant-Appellant,*

         -v.-                          10-455-bk, 10-391-bk

PARK AVENUE GARAGE, LLC,

                  *Debtor-Appellee.*

─────────────────────────────────────

FOR APPELLANT:     RALPH BERMAN, (Adrian Zuckerman, *on the brief*), Epstein, Becker & Green, P.C., New York, NY.

FOR APPELLEE:      ROBERT R. LEINWAND, Robinson, Brog, Leinwand, Greene, Genovese & Gluck P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.[1]

Claimant-Appellant, 390 Park Avenue Associates, LLC, ("Landlord" or "Appellant") appeals from a December 23, 2009 judgment of the United States District Court for the Southern District of New York (Berman *J.*), which affirmed two orders, dated June 1, 2009 and June 18, 2009, of the Bankruptcy Court for the Southern District of New York (Drain, *J.*). The June 1, 2009 order, as clarified by the June 18, 2009 order, authorized Debtor-Appellee, Park Avenue Garage, LLC, ("Debtor") to assume an unexpired non-residential lease and imposed certain additional obligations upon Debtor.  We assume the parties' familiarity with the

---

[1] This Order disposes of both appeals corresponding to docket numbers 10-455 and 10-391.  As both parties recognize, these two appeals involve overlapping issues and arguments.

2

underlying facts, the procedural history, and the issues presented for review.[2]

The bankruptcy court did not err in authorizing Debtor to assume the lease pursuant to Section 365(a) of the Bankruptcy Code. 11 U.S.C. § 365(a).[3] First the bankruptcy court's conclusion that assumption of the lease, in light of

---

[2] During the pendency of this appeal, on motion by the United States Trustee, the bankruptcy court dismissed Debtor's Chapter 11 petition. The dismissal order provides that "all orders heretofore entered in this Chapter 11 case shall remain in full force and effect" except as otherwise provided by law. "[B]ankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders." *Gulf Ins. Co. v. Glasbrenner*, 343 B.R. 47, 56 (S.D.N.Y. 2006) (quoting *In re Williams,* 256 B.R. 885, 892 (8th Cir. BAP 2001)). This Court has the authority to grant Appellant the relief it seeks. Further, the bankruptcy court has the authority to interpret the effect of our decision upon the parties' rights and liabilities which have been altered by the bankruptcy proceedings and which, as provided in the dismissal order, remain effective to this date. Therefore, we reject Debtor's argument that this appeal is moot.

[3] "The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review." *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002). Consequently, "[i]n an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Enron Corp*., 419 F.3d 115, 124 (2nd Cir. 2005). "[T]he issue raised by the [Bankruptcy] Court's finding . . . that 'adequate assurance' existed is one of fact" and should be reviewed under the "clearly erroneous standard for review." *In re Sanshone Worldwide Corp*., 139 B.R. 585, 590 (S.D.N.Y. 1992).

the totality of the circumstances, would benefit Debtor represents a valid exercise of the court's "business judgment." *See In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 488 (2d Cir. 2008) (per curiam); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993). The bankruptcy court's determination that assumption of the lease would allow Debtor to remain a going concern, and in combination with capital infusions by Mr. Sopher, potentially allow Debtor to return to profitability within the remaining life of the lease was not clearly erroneous.

Second, the bankruptcy court concluded that the combination of (1) Mr. Sopher's financial wherewithal and commitment to future performance; (2) "Debtor's performance obligations and resources," including an additional three-month security deposit; and (3) the condition, provided in the bankruptcy court orders, that Debtor's failure to perform certain court imposed obligations would result in rejection of the lease provided Landlord adequate assurance of prompt cure of past defaults and adequate assurance of future performance in satisfaction of Section 365(b)(1) of the Bankruptcy Code. 11 U.S.C. § 365(b)(1). On this record, the bankruptcy court's finding of the existence of

adequate assurance was not clearly erroneous. *See In re M. Fine Lumber Co.*, 383 B.R. 565, 572-73 (Bankr. E.D.N.Y. 2008).

We have considered all of Appellant's arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```