■ VERTICAL PROGRESSION, INC., Appellant, v CANYON JOHNSON URBAN FUNDS, Defendant, and CANYON-JOHNSON REALTY ADVISORS II, LLC, et al., Respondents. [5 NYS3d 470]—

In an action, inter alia, to recover damages for breach of contract and to foreclose mechanic's liens, the plaintiff appeals, as limited by its brief, from so much of an amended order of the Supreme Court, Kings County (Rothenberg, J.), dated January 24, 2013, as granted those branches of the motion of the defendants Canyon-Johnson Realty Advisors II, LLC, Canyon-Johnson Urban Fund II, L.P., and CJUF II Hanson, LLC, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss, insofar as asserted against the defendant CJUF II Hanson, LLC, the causes of action alleging breach of contract, based on quantum meruit, and to recover on an account stated, and so much of the cause of action to foreclose the mechanic's liens as was referable to the lien filed against the common areas of the subject real property

Ordered that the amended order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Canyon-Johnson Realty Advisors II, LLC, Canyon-Johnson Urban Fund II, L.P., and CJUF II Hanson, LLC, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action alleging breach of contract, based on quantum meruit, and to recover on an account stated insofar as asserted against the defendant CJUF II Hanson, LLC, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In March 2010, the plaintiff Vertical Progression, Inc. (here-

inafter Vertical), entered into a contract with nonparty HRH Construction (hereinafter HRH), pursuant to which Vertical was to provide certain construction services in connection with a condominium conversion project at One Hanson Place in Brooklyn. The owner of the property was the defendant CJUF II Hanson, LLC (hereinafter CJUF). HRH acted as CJUF's construction manager. On or about December 7, 2011, Vertical commenced this action against, among others, CJUF, Canyon-Johnson Realty Advisors II, LLC, and Canyon-Johnson Urban Fund II, L.P. (hereinafter collectively the Canyon defendants), as well as Canyon Johnson Urban Funds to recover the sum of $464,697 that it allegedly expended on labor and materials pursuant to the contract, and to foreclose upon mechanic's liens in the sum of $113,215 that it had filed against the first floor retail unit of the property. The complaint asserted four causes of action. The first cause of action sought to recover damages for breach of contract, the second cause of action sought to recover damages based on quantum meruit, the third cause of action alleged that Vertical was entitled to recover on an account stated, and the fourth cause of action sought to foreclose the mechanic's liens. The Canyon defendants subsequently moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), to cancel the notice of pendency pursuant to CPLR 6514 (a) and (b), and to impose sanctions pursuant to 22 NYCRR 130-1.1.

In an amended order dated January 24, 2013, the Supreme Court granted those branches of the Canyon defendants' motion which were to dismiss the causes of action alleging breach of contract, based on quantum meruit, and to recover on an account stated. The court also directed the dismissal, as to all of the defendants, of so much of the cause of the action to foreclose the liens as was addressed to all of the liens except the one filed against the retail unit of the subject real property, and, as to all of the defendants except CJUF, the court directed the dismissal of so much of the cause of the action to foreclose the liens as was addressed to the lien filed against the retail unit. The court held that so much of that cause of action as was addressed to the lien filed against the retail unit could proceed only insofar as asserted against CJUF. The request for sanctions was denied. Vertical appeals, as limited by its brief, from so much of the amended order as granted those branches of the Canyon defendants' motion which were to dismiss, insofar as asserted against CJUF, the causes of action alleging breach of contract, based on quantum meruit, and to recover on an account stated, and so much of the cause of action to

foreclose the liens as was addressed to the lien filed against the common areas of the subject property.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994].) However, when evidentiary material is adduced in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one and, "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it is can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Jannetti v Whelan*, 97 AD3d 797, 797-798 [2012]).

Here, the Supreme Court directed the dismissal of the causes of action alleging breach of contract, based on quantum meruit, and to recover on an account stated against CJUF, among others, concluding that Vertical lacked contractual privity with CJUF, and that the subject matter in dispute was governed by Vertical's contract with HRH. Generally, a subcontractor may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity (*see Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp.*, 80 AD3d 933, 934-935 [2011]; *Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 576 [2009]). Nevertheless, "a subcontractor can sometimes state a cause of action [alleging] breach of contract or unjust enrichment against the owner, where direct dealings between the owner and the subcontractor justify imposing an obligation upon the owner despite the initial lack of privity between them" (Haig, Commercial Litigation in New York State Courts

§ 104:18 [4C West's NY Prac Series 3d ed]; *see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]).

In opposition to the Canyon defendants' motion to dismiss the complaint, Vertical alleged that HRH executed the subject contract "as agent for" CJUF. Additionally, Vertical submitted documentary proof that CJUF directly paid Vertical, thus providing proof that CJUF was the true principal and the real party in interest. The documentary evidence submitted by the Canyon defendants did not conclusively establish otherwise, and the totality of the evidence that they submitted did not establish that a fact alleged by Vertical was not a fact at all, or that there was no significant dispute regarding it. Accordingly, the Supreme Court should not have directed the dismissal of the causes of action alleging breach of contract, based on quantum meruit, and to recover on an account stated insofar as asserted against CJUF.

There is no merit, however, to Vertical's contention that the Supreme Court erred in granting that branch of the Canyon defendants' motion which was to dismiss, insofar as asserted against CJUF, so much of the cause of action to foreclose the mechanic's liens as was referable to the lien filed against the common areas of the subject real property.

Vertical's remaining contentions are without merit. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.