■ Educational Center for New Americans, Inc., Appellant, v 66th Avenue Realty Co. et al., Respondents. [15 NYS3d 385]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its notice

of appeal and its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated July 24, 2013, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the second and fourth causes of action, and to dismiss the complaint insofar as asserted against the defendant Jerry Rothschild in his individual capacity.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged breach of the implied duty of good faith and fair dealing. As pleaded, the second cause of action is duplicative of the first cause of action alleging breach of contract (*see Baer v Complete Off. Supply Warehouse Corp.*, 89 AD3d 877, 878 [2011]; *Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 752 [2011]; *Deer Park Enters., LLC v Ail Sys., Inc.*, 57 AD3d 711, 712 [2008]).

The Supreme Court also properly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the fourth cause of action, which alleged that the plaintiff was orally granted a right of first refusal. A right of first refusal is subject to the statute of frauds, which provides that "[a] contract . . . for the sale . . . of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]; *see Kaplan v Lippman*, 75 NY2d 320, 325 [1990]; *McCormick v Bechtol*, 68 AD3d 1376, 1378 [2009]). Accordingly, as the alleged promise is not evidenced by a writing, its enforcement is barred by the statute of frauds. Moreover, the plaintiff failed to demonstrate that, pursuant to the doctrine of promissory estoppel, the defendants should be precluded from invoking the statute of frauds (*see Itskovich v Loshak*, 45 AD3d 535 [2007]; *Yedvarb v Yedvarb*, 237 AD2d 433, 434 [1997]; *WE Transp. v Suffolk Transp. Serv.*, 192 AD2d 601, 602 [1993]; *Carvel Corp. v Nicolini*, 144 AD2d 611, 612-613 [1988]; *D & N Boening v Kirsch Beverages*, 99 AD2d 522, 524 [1984], *affd* 63 NY2d 449 [1984]; *cf. American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]).

The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against the defendant Jerry Rothschild. In this regard, the defendants submitted

the subject lease, which contained an exculpatory clause precluding the imposition of personal liability upon Rothschild for the nonperformance of the landlord's obligations under the lease (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]). The complaint did not contain any factual allegations of gross negligence or willful misconduct that could render the exculpatory clause in the lease unenforceable (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d at 823-824; *Sommer v Federal Signal Corp.*, 79 NY2d at 554; *Lawrence v Kennedy*, 95 AD3d 955, 959 [2012]; *Baquerizo v Monasterio*, 90 AD3d 587, 587-588 [2011]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.