Ramirez v Bank of N.Y. Mellon (2023 NY Slip Op 04606)

Ramirez v Bank of N.Y. Mellon

2023 NY Slip Op 04606

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-07039
 (Index No. 69177/19)

[*1]Braulio Ramirez, appellant, 
v
Bank of New York Mellon, etc., respondent.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated September 16, 2021. The order denied the plaintiff's motion, among other things, for summary judgment on the complaint and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On January 17, 2007, the plaintiff executed a note in the sum of $588,000, which was secured by a mortgage against certain real property located in New Rochelle (hereinafter the property). In September 2010, Nationstar Mortgage, LLC (hereinafter Nationstar), the defendant's predecessor-in-interest, commenced an action to foreclose the mortgage against, among others, the plaintiff. In an order dated July 11, 2012, that action was dismissed as abandoned pursuant to CPLR 3215(c). In December 2013, Nationstar commenced a second action to foreclose the mortgage against, among others, the plaintiff. The second foreclosure action was ultimately deemed discontinued by order dated December 17, 2018.
In September 2016, during the pendency of the second foreclosure action, the plaintiff commenced a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York. Following the plaintiff's motion for approval of a short sale, the Bankruptcy Court held an auction for sale of the property, and Nationstar, then the loan servicer for the defendant, submitted a credit bid pursuant to 11 USC § 363(k). In an order dated August 10, 2018 (hereinafter the sale order), the Bankruptcy Court, inter alia, directed that Nationstar shall be the purchaser of the property. In an order dated May 2, 2019, the Bankruptcy Court granted the plaintiff's motion pursuant to 11 USC § 1307(b) to voluntarily dismiss the bankruptcy proceeding.
In November 2019, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the property against the defendant. The plaintiff alleged, among other things, that there was no claim of interest in the property other than the mortgage held by the defendant, and that any subsequent action to foreclose the mortgage would be time-barred due to the [*2]acceleration of the loan debt at the time the first foreclosure action was commenced. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint, and the defendant cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated September 16, 2021, the Supreme Court denied the plaintiff's motion, inter alia, for summary judgment on the complaint, and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff appeals.
"To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative" (Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849; see Hart 230, Inc. v PennyMac Corp., 194 AD3d 789, 791). Further, "[a] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 316). Here, the defendant submitted documentary evidence which conclusively established a defense to the subject action to quiet title to the property by demonstrating that the plaintiff had been directed to transfer title to the property to Nationstar in exchange for Nationstar's credit bid by the sale order, which utterly refuted the plaintiff's allegations that no person or entity may claim any interest in the property other than the defendant (see Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d at 849-850).
Contrary to the plaintiff's contention, the order dated May 2, 2019, granting the plaintiff's motion pursuant to 11 USC § 1307(b) to voluntarily dismiss the bankruptcy proceeding, did not invalidate the sale order. Pursuant to 11 USC § 349(b)(3), "[u]nless the court, for cause, orders otherwise, a dismissal of a [bankruptcy] case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." However, that provision does not provide that any orders issued during the bankruptcy proceeding are deemed void upon the voluntary dismissal of the proceeding. Notably, a different subdivision of the statute, 11 USC § 349(b)(2), provides for orders to be vacated upon the voluntary dismissal of the proceeding where an order was issued under statutory provisions not applicable here. Moreover, "'[b]ankruptcy courts retain jurisdiction after a case has been dismissed or closed to . . . enforce previously entered orders'" (Matter of Park Ave. Garage, LLC, 403 Fed Appx 555, 556 n 2, quoting Gulf Ins. Co. v Glasbrenner, 343 BR 47, 56 [Bankr SD NY]).
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court