Sakandar v American Tr. Ins. Co. (2024 NY Slip Op 04792)

Sakandar v American Tr. Ins. Co.

2024 NY Slip Op 04792

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-03323
 (Index No. 707562/19)

[*1]Iqbal Sakandar, respondent, 
v
American Transit Insurance Company, appellant.

Short & Billy, P.C. (Greenberg Traurig, LLP, New York, NY [James W. Perkins, John C. Molluzzo, Jr., and Katherine M. Clemente], of counsel), for appellant.
Fass & D'Agostino, P.C., Melville, NY (Joseph D'Agostino of counsel), for respondent).

DECISION & ORDER
In an action, inter alia, to recover no-fault benefits for medical expenses and lost wages, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 13, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action in the third amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action in the third amended complaint is granted.
The plaintiff commenced this action against the defendant, American Transit Insurance Company, inter alia, to recover no-fault benefits for medical expenses and lost wages relating to a motor vehicle accident. The third amended complaint alleged that in August 2016, the plaintiff was involved in a motor vehicle accident, that his vehicle was insured by the defendant, and that the defendant refused to pay to the plaintiff his lost wages and certain medical expenses.
The third cause of action alleged bad faith, the fourth cause of action alleged a violation of General Business Law § 349, and the fifth cause of action alleged breach of contract pertaining to no-fault benefits. The defendant moved pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action. In an order entered April 13, 2022, the Supreme Court denied the motion. The defendant appeals. We reverse.
Contrary to the determination of the Supreme Court, the third cause of action, alleging bad faith in the insurance context, was subject to dismissal. In reading the third cause of action, alleging bad faith, liberally and giving the plaintiff the benefit of every reasonable inference that may be drawn therefrom (see Leon v Martinez, 84 NY2d 83, 87-88), the plaintiff failed to state a cause of action alleging bad faith, as "there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations" under an insurance contract (Zawahir v Berkshire Life Ins. Co., 22 AD3d 841, 842 [internal quotation marks omitted]; Continental Cas. Co. v Nationwide Indem. Co., 16 AD3d 353, 355).
The plaintiff also failed to state a cause of action alleging a violation of General Business Law § 349. This action involves a private contract dispute regarding insurance coverage under the policy at issue, in contrast to the consumer-oriented, deceptive conduct aimed at the public at large that General Business Law § 349 is designed to address (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 320-321; Abraham v Torati, 219 AD3d 1275, 1281).
The Supreme Court also should have granted dismissal of the fifth cause of action, alleging breach of contract related to payment of no-fault benefits, since the plaintiff assigned his right to no-fault benefits to the medical provider (see Noel v Nationwide Ins. Co. of Am., 170 AD3d 1186, 1187).
In light of our determination, we need not reach the defendant's remaining contention.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court