Koffler v Cincinnati Ins. Co. (2025 NY Slip Op 03711)

Koffler v Cincinnati Ins. Co.

2025 NY Slip Op 03711

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-05533
 (Index No. 604866/22)

[*1]Daniel Koffler, etc., respondent, 
v
Cincinnati Insurance Company, appellant, et al., defendants.

Rivkin Radler LLP, Uniondale, NY (Henry M. Mascia, Cheryl F. Korman, Michael A. Troisi, and Michael P. Welch of counsel), for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Kevin T. MacTiernan, Elizabeth Tobio, and Jennifer J. Bock of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Cincinnati Insurance Company appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated May 1, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) to confirm an appraisal award, (2) pursuant to CPLR 3211(a) to dismiss the first, fourth, and sixth causes of action and demands for punitive damages and attorney's fees insofar as asserted against it, and (3) pursuant to CPLR 3211(a) to dismiss so much of the third cause of action, which alleged breach of contract, as sought to recover damages equal to so much of the plaintiff's insurance claim for property damage as exceeds the amount of the appraisal award.
ORDERED that the order is reversed, insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Cincinnati Insurance Company which were (1) to confirm the appraisal award, (2) pursuant to CPLR 3211(a) to dismiss the first, fourth, and sixth causes of action and demands for punitive damages and attorney's fees insofar as asserted against it, and (3) pursuant to CPLR 3211(a) to dismiss so much of the third cause of action, which alleged breach of contract, as sought to recover damages equal to so much of the plaintiff's insurance claim for property damage as exceeds the amount of the appraisal award, are granted.
In April 2022, the plaintiff commenced this action against, among others, the defendant Cincinnati Insurance Company (hereinafter the defendant) to recover damages, inter alia, for breach of contract, alleging that the defendant, the insurer for the plaintiff's real property located in Mahopac, which was consumed by a fire in February 2021 (hereinafter the property), among other things, failed to meet its obligations under the insurance policy and deliberately undervalued the amount of the damage to the property caused by the fire. The plaintiff also sought, inter alia, to set aside an appraisal award that had been issued by an appraiser selected by the parties when the plaintiff and the defendant had failed to agree on the value of the damage to the property.
The defendant moved, among other things, (1) to confirm the appraisal award, (2) pursuant to CPLR 3211(a) to dismiss the first, fourth, and sixth causes of action and demands for punitive damages and attorney's fees insofar as asserted against it, and (3) pursuant to CPLR 3211(a) [*2]to dismiss so much of the third cause of action, which alleged breach of contract, as sought to recover damages equal to so much of the plaintiff's insurance claim for property damage as exceeds the amount of the appraisal award. The plaintiff opposed. In an order dated May 1, 2023, the Supreme Court denied those branches of the defendant's motion.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (S.P. v Dongbu Ins. Co., 174 AD3d 911, 912; see Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether one has been stated, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (S.P. v Dongbu Ins. Co., 174 AD3d at 913; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"'[A] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (Ramirez v Bank of N.Y. Mellon, 219 AD3d 1359, 1360, quoting Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 316).
The Supreme Court should have granted those branches of the defendant's motion which were to confirm the appraisal award and pursuant to CPLR 3211(a) to dismiss the first cause of action, which sought to set aside the appraisal award, and so much of the third cause of action, which alleged breach of contract, as sought to recover damages equal to so much of the plaintiff's insurance claim for property damage as exceeds the amount of the appraisal award. Absent proof of fraud, bias, or bad faith, an appraisal or valuation will not be set aside (see Matter of Johnson Kirchner Holdings, LLC v Galvano, 150 AD3d 1001, 1002-1003; Liberty Fabrics v Corporate Props. Assocs. 5, 223 AD2d 457, 457). Here, the defendant's submissions in support of its motion established that the appraisal was conducted in accordance with the insurance policy. In addition, the complaint, even as supplemented by the plaintiff's evidentiary submissions, failed to sufficiently allege that the appraisal award was the product of fraud, bias, or bad faith (see Perlbinder v Jakubovitz, 239 AD2d 294, 295).
The Supreme Court also should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action, which alleged breach of the implied warranty of good faith and fair dealing. The fourth cause of action is duplicative of the third cause of action, which alleged breach of contract (see Educational Ctr. for New Ams., Inc. v 66th Ave. Realty Co., 131 AD3d 442, 443).
The Supreme Court also should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action, which, in effect, alleged a bad faith refusal by the defendant to comply with the insurance policy. There is no separate tort for bad faith refusal to comply with an insurance contract (see Schlusselberg v New York Cent. Mut. Fire Ins. Co., 206 AD3d 682, 683; Johnson v Allstate Ins. Co., 33 AD3d 665, 666).
The Supreme Court also should have granted those branches of the defendant's motion which were to dismiss the demands for punitive damages and attorney's fees. Punitive damages are not recoverable for an ordinary breach of contract (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613; Toobian v Toobian, 209 AD3d 907, 910-911). Likewise, attorney's fees are not recoverable against the defendant in an action such as this by an insured to recover the expenses he incurred in bringing this action to settle the parties' rights under the policy (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 324; Pandarakalam v Liberty Mut. Ins. Co., 137 AD3d 1234, 1236).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court