Artzy v Specialized Loan Servicing, LLC (2025 NY Slip Op 05488)

Artzy v Specialized Loan Servicing, LLC

2025 NY Slip Op 05488

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2020-06050
 (Index No. 712254/19)

[*1]Erel Artzy, et al., appellants, 
v
Specialized Loan Servicing, LLC, respondent.

Erel Artzy and Emilia Artzy, Woodbury, NY, appellants pro se.
Davidson Fink LLP, Rochester, NY (Todd Z. Marks of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and for specific performance, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered June 23, 2020. The order denied the plaintiffs' motion to stay any re-auction of the cooperative apartment at issue and to compel the sale of the cooperative apartment to the plaintiffs, and granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the amended complaint, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In July 2019, the plaintiffs commenced this action to recover damages for breach of contract and for specific performance. The plaintiffs alleged that the defendant was the holder of a mortgage on a cooperative apartment located in Briarwood (hereinafter the premises). In September 2018, the plaintiffs were the successful bidders at an auction for the sale of the premises and provided a down payment to the defendant. According to the plaintiffs, after they obtained approval from the cooperative corporation's board of directors for the purchase of the premises, the defendant demanded that the plaintiffs pay costs at closing that were contrary to the terms of sale. The plaintiffs alleged that they eventually agreed to pay the additional costs, a closing date was set, and the plaintiffs were ready to close. The plaintiffs alleged, however, that the defendant notified them that the closing would not occur and the premises would be re-auctioned the following day. The plaintiffs alleged that the defendant's actions constituted a breach of contract and sought damages and specific performance of the terms of sale.
The plaintiffs moved to stay any re-auction of the premises and to compel the sale of the premises to the plaintiffs. The defendant cross-moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order entered June 23, 2020, the Supreme Court denied the plaintiffs' motion and granted the defendant's cross-motion. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as [*2]alleged fit within any cognizable legal theory" (S.P. v Dongbu Ins. Co., 174 AD3d 911, 912; see Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether one has been stated, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (S.P. v Dongbu Ins. Co., 174 AD3d at 913; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"[A] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Ramirez v Bank of N.Y. Mellon, 219 AD3d 1359, 1360 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, accepting the facts as alleged in the amended complaint as true, according the plaintiffs the benefit of every possible favorable inference, and considering the evidentiary material submitted, the amended complaint sufficiently set forth causes of action alleging breach of contract and for specific performance (see CPLR 3211[a][7]; 374-76 Prospect Place Tenants Assn., Inc. v City of New York, 231 AD3d 911, 913; Louzon v Gentry Apts., Inc., 191 AD3d 776, 778).
In support of its motion, the defendant submitted, inter alia, the terms of sale of the premises. The documentary evidence submitted by the defendant did not utterly refute the plaintiffs' allegations or conclusively establish a defense as a matter of law (see CPLR 3211[a][1]). "[W]here a seller seeks to hold a purchaser in breach of contract, the seller must establish that [he or she] was ready, willing, and able to perform on the time-of-the-essence closing date, and that the purchaser failed to demonstrate a lawful excuse for [his or her] failure to close" (Sweeney v Stark, 216 AD3d 1193, 1197 [internal quotation marks omitted]; see Martocci v Schneider, 119 AD3d 746, 749). Here, although the terms of sale provided, among other things, that time was of the essence and that the residue of the purchase price would be required to be paid on or before 30 days from the date of the sale when the lease and stock certificate would be ready for delivery by the defendant, the defendant was required to establish that it was ready, willing, and able to deliver the lease and stock certificate within that time frame. As the defendant failed to establish that it was ready, willing, and able to deliver the lease and stock certificate, it failed to establish that the plaintiffs were in breach of the terms of sale for their failure to pay the residue of the purchase price within 30 days of the sale (see Chic Realty 712, LLC v GSA Holding Corp., 220 AD3d 914, 916-917; 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 747). The documentary evidence also failed to establish that the plaintiffs breached the other conditions set forth in the terms of sale (see B & A Realty Mgt., LLC v Gloria, 192 AD3d 851, 854). Therefore, "'because questions which cannot be resolved on a motion to dismiss are present and because a full record has not been developed, dismissal of the [amended] complaint is not warranted at this time'" (E & D Group, LLC v Vialet, 134 AD3d 981, 983 [alterations omitted], quoting Lawrence v Graubard Miller, 11 NY3d 588, 596-597). Accordingly, the Supreme Court should have denied the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
Nonetheless, the Supreme Court properly denied the plaintiffs' motion to stay any re-auction of the premises and to compel the sale of the premises to the plaintiffs. Questions of fact exist, among other things, as to whether the defendant breached the terms of sale (see 534 Flatbush Holdings, LLC v Solaris Props., LLC, 234 AD3d 732, 734). Additionally, there is a question of fact as to whether the defendant's attorney agreed in writing to extend the time to complete the purchase as required by the terms of sale (see Treasure Is. of Asbury Park Self-Storage, LLC v MBAR Realty, LLC, 216 AD3d 1200, 1204; Jobin Org., Inc. v Bemar Realty, LLC, 165 AD3d 904, 907).
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court